IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| FRANKLIN DELANO ACOFF, #107 587 | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-1168-F |
| | (WO) |
| ALABAMA BOARD OF PARDONS AND PAROLES, *et al*., | * |
| | * |
| Defendants. | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se*, brings this 42 U.S.C. § 1983 action against the Alabama Board of Pardons and Paroles and William Segrest, Executive Director of the Alabama Board of Pardons and Paroles. Plaintiff complains that Defendants violated his constitutional rights when, in October 2005, they scheduled his parole consideration date at a five year set-off.[1] He requests that Defendants re-schedule his parole consideration date within a period of three years or less. Upon review of the allegations contained in the instant complaint, the court concludes that Plaintiff's claims against the Alabama Board of Pardons and Parole are due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] Plaintiff is currently serving a sentence of life with the possibility of parole. *See* http://www.doc.state.al.us/insearch.asp.

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to

## I. DISCUSSION

The Alabama Board of Pardons and Paroles is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, Plaintiff's claims against the Board are "based on an indisputably meritless legal theory," and are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Alabama Board of Pardons and Parole be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Defendant Alabama Board of Pardons and Paroles be DISMISSED as a party to this complaint; and

3. This case with respect to the remaining defendant be referred back to the undersigned for additional proceedings.

It is further

---

dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

ORDERED that the parties shall file any objections to the said Recommendation on or before January 26, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of January, 2006.

                              /s/Charles S. Coody
                              CHARLES S. COODY
                              CHIEF UNITED STATES MAGISTRATE JUDGE