IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FRANKLIN DELANO ACOFF,
    Plaintiff,

Vs.                                                    Case #2:05-cv-1168-F

ALABAMA BOARD OF
PARDONS & PAROLES, et al.,
    Defendants.

## SPECIAL REPORT

Come now the Alabama Board of Pardons & Paroles and William Segrest, its Executive Director, and show unto the Court as follows:

### The Complaint

Acoff alleges that Segrest and the Board have deprived him of rights protected under the Constitution of the United States in scheduling parole consideration. He contends that the Board's procedures changed after he committed his crime, increasing the punishment he is likely to endure, in violation of the *Ex Post Facto* Clause.

### Defendants' Position

The Board is not a person subject to suit under §1983. It is an arm of the State, and is immune from suit.

At the time that Acoff committed his crimes, in January of 1971, T.42, §5, Ala. Code 1940 (now codified at §15-22-24(a), Ala. Code 1975) provided that the Board had the authority to determine "what prisoners … may be released on parole and when and under what conditions." Neither the statute nor the Board's operating procedures at the time limited the Board's discretion in scheduling further consideration after relief was denied.

1

Neither the three-year set-off provision of the 1982 operating procedures nor the five-year set-off provision of the 2001 operating procedures was in effect when Acoff committed his crimes. Neither of these rules limits the Board's discretion to consider Acoff for parole whenever they deem appropriate.

Acoff was sentenced to ten years in prison for rape and life in prison for murder first degree. Both convictions arose out of the same incident, but there were two women whom he raped. One of them died, the other survived her wounds.

Acoff has been considered for parole on 21 October 1980, 16 May 1983, 5 May 1986, 2 March 1992, 21 March 1994, 1 April 1996, 7 April 1997, 6 April 1998, 9 November 2001, and 31 October 2005. After the Board voted not to parole Acoff yet again, a form letter was sent to Acoff in Segrest's name, informing him of the Board's decision. Segrest is not a Member of the Board, and played no role in deciding whether to parole Acoff or in deciding when he should be considered again. His sole act connected with this case was the act of communicating the Board's decision to Acoff. Segrest is entitled to quasi-judicial immunity from suit for the act of communicating the Board's decision.

An action against Segrest is not a proper avenue to test the legality of the Board's actions. His "official capacity" does not encompass consideration of parole eligibility.

Segrest has not taken any action that a reasonable officer in his position would believe violated any clearly established rights enjoyed by Acoff. He is protected by qualified immunity.

Acoff never had a reasonable expectation that he would be released from prison prior to completion of his life sentence. His punishment has not increased since he was

2

sentenced. He has been incarcerated close to thirty-five years. He has been considered for parole ten times. He cannot meet the burden of showing that he would probably be released if considered again within three years.

Acoff has known for well over two years that the Board was scheduling parole consideration for some offenders as late as five years after parole was denied. His claims are barred by the statute of limitations.

The Board had the legal authority to schedule Acoff's parole consideration as frequently or infrequently as they saw fit when he committed his crimes. The law has not changed so as to increase the likelihood that he will suffer greater punishment. He has failed to state a claim under the *Ex Post Facto* Clause. It is reasonable that the Board considers a prisoner more frequently for parole during the earlier part of his sentence, and less frequently after he has spent several decades in prison. Circumstances are less likely to change for the better after all this time has passed. However, in the event that circumstances do change, the Board has set up a procedure whereby cases can be brought up early on a showing that there has been a significant change in circumstances.

The conclusory allegations of the Complaint fail to state a claim upon which relief can be granted. Defendants move to dismiss the Complaint.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar # ASB-4358-D63F
Alabama Board of Pardons and Paroles
Post Office Box 302405
301 S. Union Street
Montgomery, Alabama 36130
(334) 242-8700
(334) 353-4423
Hugh.Davis@paroles.alabama.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2006, I electronically file the foregoing with the Clerk of the Court using the CM/ECF system with will send notification of such to the following: None, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

**FRANKLIN DELANO ACOFF
AIS# 107587
BIBB COUNTY CORRCECTIONAL FACILITY
565 BIBB LANE
BRENT, ALABAMA 35034**

Done this 27th Day of February, 2006.

Respectfully submitted,

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar # ASB-4358-D63F
Alabama Board of Pardons and Paroles
Post Office Box 302405
301 S. Union Street
Montgomery, Alabama 36130
(334) 242-8700
(334) 353-4423
Hugh.Davis@paroles.alabama.gov