IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FRANKLIN DELANO ACOFF,
    Plaintiff,

Vs.                                Case #2:05-cv-1168-F

ALABAMA BOARD OF
PARDONS & PAROLES, et al.,
    Defendants.

## AFFIDAVIT

Before me, the undersigned authority, personally appeared William Segrest, who is known to me, and being duly sworn, deposed and said as follows:

"My name is William Segrest. I am employed by the Alabama Board of Pardons and Paroles as its Executive Director. In that capacity, among other duties, I cause notice to be sent to individuals and officials when cases are due to be considered, and when those cases are decided by the Board. It appears that, after the Board recently denied parole to Franklin Delano Acoff, AIS #107587, and scheduled further consideration five years hence, we sent notice to him of that decision.

"It is my understanding that §15-22-24(a), Ala. Code 1975, and its predecessor statutes afford the Board discretion to determine what prisoners may be released on parole and when and under what conditions. Prior to 1982, the Board did not, to the best of my knowledge, restrict its discretion in scheduling second and subsequent consideration hearings after parole was denied. In 1982, the Board adopted a procedural rule calling for periodic re-evaluations of prisoners who were denied parole. That procedural rule called for further consideration on a docket scheduled within three years.

1

This rule has never been treated as an absolute, however, because of statutes establishing jurisdictional prerequisites that must be met before each hearing. In 2001, the Board comprehensively reformed its operating procedures. One of the reforms provided for subsequent consideration within five years after parole was denied, subject to statutory requirements. The 2001 reforms also provided a mechanism for bringing these cases before the Board earlier, if a significant change in circumstances was observed. Both the 1982 and 2001 operating procedures tended to afford prisoners more frequent consideration than was required by the law in effect in 1971, when Acoff committed his crimes.

"Upon review of the Board's records, I see that Acoff was convicted of rape and first degree murder. He was initially sentenced to death, but that sentence was subsequently changed to life in prison. The Board has considered Acoff for parole ten times in the 35 years he has been incarcerated. I see no reason to believe that he would be more likely to be released in 2008 than in 2010 or some later year. However, if circumstances change, our Board has provided a mechanism for earlier consideration. It is theoretically possible that Acoff could be considered for parole in 2007. I would be extremely reluctant to speculate as to what hypothetical fact situation might lead to re-scheduling, and I wouldn't even hazard a guess as to whether re-scheduling would actually lead to a grant of parole. That decision is totally in the discretion of the Board. I don't have a say in that decision. I can only say that a significant number of Board members have reviewed this case over the decades; those members had a broad variety of perspectives, but none were willing to grant parole. I suspect that the circumstances of Acoff's crimes present the greatest obstacle to his release."

_____
William Segrest

Sworn to & subscribed before me, this 24th day of February, 2006.

_____ 10/10/08
Notary Public

3