IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FRANKLIN DELANO ACOFF,
    Plaintiff,

Vs.                              Case #2:05-cv-1168-F

ALABAMA BOARD OF
PARDONS & PAROLES, et al.,
    Defendants.

## ANSWER

Come now the Alabama Board of Pardons & Paroles and William Segrest, its Executive Director, and show unto the Court as follows:

1)     The Board is an arm of the State of Alabama, and is absolutely immune from suit.

2)     The Board is not a "person" subject to liability under 42 U.S.C.§1983.

3)     Segrest's "official capacity" does not extend to permit him to perform the acts that Acoff asks this Court to order Segrest to perform.

4)     Segrest's acts at issue in this case are analogous to the acts of the Clerk of this Court in informing parties of orders entered after cases are decided. He is immune from suit for the act of accurately communicating a decision made by the Board.

5)     Segrest has not taken any action that a reasonable officer in his position would believe violated clearly established law. He is entitled to qualified immunity.

6)     The law governing scheduling of parole consideration now in effect is no more disadvantageous to Acoff than the law in effect at the time he committed

his crimes. The Complaint fails to state a claim under the *Ex Post Facto* Clause.

7) Acoff cannot meet the burden of showing that either of the procedural changes that occurred after his conviction has substantially increased the risk that his punishment will increase. The Complaint fails to state a claim under the *Ex Post Facto* Clause.

8) The Complaint is barred by the applicable statute of limitations.

9) Assuming the truth of the factual averments of the Complaint, Acoff has failed to present a colorable claim that a person has deprived him of a right, privilege or immunity protected under the Constitution or laws of the United States.

10) The conclusory allegations of the Complaint are insufficient, as a matter of law, to state a claim upon which relief may be granted.

WHEREFORE, premises considered, Defendants pray judgment be entered denying the relief sought by Acoff.

>Respectfully submitted,
>
>TROY KING
>ATTORNEY GENERAL
>
>GREGORY O. GRIFFIN, SR.
>CHIEF COUNSEL
>
>s/HUGH DAVIS
>DEPUTY ATTORNEY GENERAL
>State Bar # ASB-4358-D63F
>Alabama Board of Pardons and Paroles
>Post Office Box 302405
>301 S. Union Street
>Montgomery, Alabama 36130
>(334) 242-8700

(334) 353-4423
Hugh.Davis@paroles.alabama.gov

### CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2006, I electronically file the foregoing with the Clerk of the Court using the CM/ECF system with will send notification of such to the following: None, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

**FRANKLIN DELANO ACOFF**
**AIS# 107587**
**BIBB COUNTY CORRCECTIONAL FACILITY**
**565 BIBB LANE**
**BRENT, ALABAMA 35034**

Done this 27th Day of February, 2006.

Respectfully submitted,

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar # ASB-4358-D63F
Alabama Board of Pardons and Paroles
Post Office Box 302405
301 S. Union Street
Montgomery, Alabama 36130
(334) 242-8700
(334) 353-4423
Hugh.Davis@paroles.alabama.gov