IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANKLIN DELANO ACOFF, ) | |
| AIS # 107587, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05cv1168-MEF |
| ) | |
| WILLIAM SEGREST, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, the plaintiff, Franklin Delano Acoff ("Acoff"), complains that the defendants violated his constitutional rights by rescheduling his parole consideration date. He names William Segrest ("Segrest"), the executive director of the Alabama Board of Pardons and Paroles ("the Board"), as a defendant. Acoff specifically maintains that the Board's retroactive application of its administrative rules, which altered the frequency of parole consideration dates, violates the Ex Post Facto Clause.

Pursuant to the orders of this court, Segrest filed a special report and supporting evidentiary materials addressing Acoff's claims for relief. (Doc. No. 13.) The court deems it appropriate to treat these documents as a motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof, and Acoff's response, the court concludes that the motion for summary judgment should be GRANTED.

# I. FACTS

In 1971, Acoff was convicted of rape and first-degree murder. He was sentenced to ten years' imprisonment for the rape conviction and life imprisonment for the murder conviction. The Board has considered Acoff for parole on at least ten occasions. The most recent parole reviews occurred on November 9, 2001, and October 31, 2005. After the Board denied Acoff's request in 2005, Segrest sent a letter to Acoff, informing him of the Board's unfavorable parole decision.

# II. STANDARD OF REVIEW

To survive Segrest's properly supported motion for summary judgment, the plaintiff must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Consequently, when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial", summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Indus.*, 814 F.2d 607 (11th Cir. 1987). Moreover, if all of the evidentiary materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, the entry of summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to a liberal interpretation by the courts, a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a material fact in order to avert summary judgment. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

### III.  DISCUSSION

Acoff asserts that the retroactive application of the Board's rules, which changed the frequency of parole consideration dates from every three years to every five years, is a violation of his constitutional rights. The Ex Post Facto Clause bars "enactments which, by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249 (2000). Thus, Acoff must show that, as applied to his own sentence, the amended law created a significant risk of increasing his punishment. *Garner*, 529 U.S. at 255.

A determination of whether a parole regulation violates the Ex Post Facto Clause when applied to inmates who were entitled to more frequent parole consideration at the time they committed their crimes must be made on a case-by-case basis. *Harris v. Hammonds*, 217 F.3d 1346, 1350 (11th Cir. 2000). The court is required to consider evidence of the general operation of the parole system and any other evidence produced by a prisoner in support of his assertion that the regulation "created a significant risk of increasing his

3

punishment." *Harris*, 217 F.3d at 1350.

In *Garner v. Jones*, *supra*, the Supreme Court addressed whether an amended rule increasing parole consideration hearings from every three years to every eight years in Georgia violated the Ex Post Facto Clause. The Court determined that extending the time for a scheduled parole consideration hearing did not prevent the exercise of discretion by the Georgia Board of Pardons and Paroles during the period between parole reviews, because the agency's policies permit the Board, in its discretion, to schedule expedited reviews in the event of a change in circumstance or new information. *Garner,* 529 U.S. at 256.

A determination of whether retroactive application of a particular change in parole law respects the prohibition of ex post facto legislation is often a question of particular difficulty when the discretion vested in the parole board is taken into account. *Garner,* 529 U.S. at 249. In deciding whether a parole regulation prevents the Board's exercise of discretion, the court may consider the implementing regulations, the statutory structure, and the Board's representations regarding its operations. *Id.* at 254. "The idea of discretion is that it has the capacity, and the obligation, to change and adapt based on experience." *Id.* at 253.

Alabama law gives the Board broad discretion in determining whether an inmate should be granted parole, *see* ALA. CODE § 15-22-26 (1975), and when parole will be granted. ALA. CODE § 15-22-24(a) (1975) . The state law also requires that the Board consider the public interest in every case. ALA. CODE § 15-22-26 (1975). This discretion,

however, does not displace the protections of the Ex Post Facto Clause. *Garner*, 529 U.S. at 253.

The authorization for changing the frequency of parole consideration dates is found in two regulations. Article 6, § 11, *Rules, Regulations and Procedures of the Board of Pardons and Paroles* (2001), vests the Board with discretion to determine how often to set an inmate's date for reconsideration, with five years being the maximum. Article 2, § 8, provides that, if the Board "scheduled the next consideration more than three years after denial, the Committee may consider earlier scheduling, but such review shall not begin earlier than twenty-four months after the Board has denied parole."

An opportunity for an expedited parole review is available to qualified inmates. Article 2, § 1, provides that "[s]uch a rescheduling may be granted only for good cause shown such as a prognosis of imminent death or a recommendation from the prosecuting attorney or the sentencing judge, and circumstances bearing on his probability to succeed on parole, not merely because the prisoner is following the prison rules." Thus, the Board's rule changes are designed for the better exercise of its discretion. *See Garner,* 529 U.S. at 254-55.

The record before the court does not establish that the rules changing the frequency of parole hearings from three years to five years increases the level of risk of serving a longer term of imprisonment. Indeed, the rules did not mandate that the frequency increase at all;

rather, the rules gave expanded discretionary authority to the Board concerning the frequency of parole reviews. However, even if such a risk were to develop, Acoff may, upon a showing of "circumstances bearing on his ability to succeed on parole," seek an earlier review before the review interval for him runs its course.

In short, the rules do not by their own terms show a significant risk inherent in their framework of increasing the measure of punishment for Acoff. Likewise, Acoff has failed to demonstrate "by evidence drawn from the rule's practical implementation by the . . . [Board] that its retroactive application will result in a longer period incarceration than under the earlier . . . rule." *Garner*, 529 U.S. at 255.

To the extent Acoff maintains that scheduling a parole reconsideration hearing five years after a prior review is a denial of due process, his claim does not rise to the level of a constitutional violation. Prisoners in Alabama possess no liberty interest in being granted parole. *See Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991). The Constitution does not guarantee parole nor does the Alabama parole statute create for Alabama prisoners a protected liberty interest in the expectation of parole. *Ellard v. Ala. Bd. of Pardons & Paroles*, 824 F.2d 937, 941-42 (11th Cir. 1987). Consequently, Acoff's assertion that he is entitled to a parole review before the scheduled review date does not establish a violation of due process.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for summary judgment be GRANTED;

2. This case be DISMISSED with prejudice; and

3. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before April 24, 2007, the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

Done this 11th day of April, 2007.

          /s/Charles S. Coody
         CHARLES S. COODY
         CHIEF UNITED STATES MAGISTRATE JUDGE